**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

FLORENCE M. GARRITY,     )
                               )
     Plaintiff,          )
                               )  C.A. No. N14C-08-192 CLS
     v.                  )
                               )
CITY OF DOVER,          )
DELAWARE,              )
                               )
     Defendant.      )
                               )
                               )
                               )
                               )
                               )
                               )

## ORDER

On this 12th Day of November, 2015 and upon Defendant City of Dover, Delaware's ("Defendant") Motion for Summary Judgment, the Court finds as follows:

Plaintiff Florence Garrity ("Plaintiff") filed this action against Defendant arising out of her alleged trip and fall on a sidewalk at 45 South State Street in Dover, Delaware. On March 12, 2015, Defendant moved for summary judgment, arguing that it is immune from liability under the County and Municipal Tort Claims Act.[1] Defendant asserts that personal injuries arising out of alleged defects

---

[1] 10 *Del. C.* § 4010.

in sidewalks and crosswalks are barred by the Act.[2]  Moreover, Defendant argues that the exception to this rule, under 10 *Del. C.* § 4012(2) is not applicable in this case because the sidewalk on which Plaintiff allegedly tripped was not appurtenant to a public building.  Plaintiff opposed Defendant's motion because discovery is ongoing, and as such, there is still a genuine issue of material fact as to whether the sidewalk on which she tripped was appurtenant to a public building.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3]  Summary judgment should be denied "if it seems desirable to inquire more thoroughly into the facts or to clarify the application of the law."[4]  If there is no applicable scheduling order in place setting forth a discovery deadline or if discovery is ongoing, a motion for summary judgment will likely be found premature.[5]

Defendant's motion is premature because discovery has yet to be completed and there is a genuine issue of fact as to whether the sidewalk on which Plaintiff

---

[2] *See* 10 *Del. C.* § 4011(b)(6).
[3] Super. Ct. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *2 (Del. Super. June 13, 2002).
[5] *See e.g., Rivera v. Diamond State Port Corp.*, 2006 WL 1515829, at *1 (Del. Super. Apr. 6, 2006).

allegedly tripped was appurtenant to a public building.  Accordingly, Defendant's

motion for summary judgment is **DENIED WITHOUT PREJUDICE.**


      **IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**
